IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-163-FL

| | |
|---|---|
| CHRISTIAN NAEF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| WELLS FARGO HOME MORTGAGE, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on plaintiff's motion for joinder pursuant to Rules 18 and 20 of the Federal Rules of Civil Procedure (DE # 15) and defendant's motion for an order directing compliance with Rule 26(d)(1) (DE # 18). These motions have been fully briefed, and the time within which to file further responses has passed. In this posture, the issues raised now are ripe for adjudication. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is denied as moot. The court, on its own motion, stays all further discovery proceedings pending decision on defendant's motion to dismiss, filed October 14, 2010.

## BACKGROUND

On August 23, 2010, *pro se* plaintiff filed this action pursuant to the Truth in Lending Act of 1968 ("TILA"), 15 U.S.C. §§ 1601 et seq., among other federal statutes. Plaintiff seeks rescission of a loan agreement. On August 24, 2010, substitute trustees Grady I. Ingle and Elizabeth B. Ellis filed a notice of hearing on foreclosure of the deed of trust securing the note on that loan. On October 4, 2010, plaintiff and his wife removed the foreclosure proceeding to this court. See In re The Foreclosure of a Deed of Trust Executed By Christian P. Naef and Kathryn M. Naef, No. 7:10-

CV-197-FL (E.D.N.C. filed Oct. 4, 2010). The foreclosure proceeding was removed with the express purpose of joining it with this action.

On October 15, 2010, plaintiff moved for joinder of the claims. Plaintiff contends that it is in the interests of judicial economy that this TILA action and the foreclosure proceeding, both of which pertain to his home in Wilmington, North Carolina, be joined into one action. Defendant responded in opposition on November 5, 2010. Plaintiff filed an out-of-time reply on November 29, 2010, which the court has in its discretion considered in adjudicating the motion.

On November 3, 2010, defendant filed a motion for an order directing compliance with Rule 26(d)(1), asking the court to confirm that it is not required to respond to plaintiff's discovery requests until after completion of the Rule 26(f) conference. Plaintiff did not respond to this motion.

## DISCUSSION

A.  Plaintiff's Motion for Joinder

Although plaintiff cites Rules 18 and 20, the relief he seeks is in fact consolidation of these action under Rule 42. Rule 18 allows plaintiff to "join . . . as many claims as [he] has against an opposing party" in this action. Fed. R. Civ. P. 18(a). Rule 20 allows plaintiff to join additional plaintiffs to this action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction" and there is a common question of law or fact between them. Fed. R. Civ. P. 20(a). Neither of these rules allows plaintiff to join an entirely separate action in which he is essentially a defendant to this action in which he is a plaintiff. However, in light of the liberality with which a *pro se* party's filings are to be construed, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the court will turn now to whether consolidation would be appropriate.

2

Rule 42 allows the court to "consolidate actions "involv[ing] common questions of law or fact...." Fed. R. Civ. P. 42(a). Although it is unclear whether there are common questions of law or fact, the suits are plainly connected in that plaintiff by this action seeks an order enjoining defendant from maintaining the foreclosure proceeding. One of the facts relevant to the foreclosure proceeding is the existence of a valid debt, which would be influenced by whether plaintiff is successful in rescinding the loan here and enjoining the foreclosure action.

Nevertheless, the court finds consolidation to be inappropriate.[1] Under North Carolina law, the clerk's adjudicatory powers in a foreclosure action are limited to finding (1) the existence of a valid debt, (2) default, (3) right to foreclose, and (4) notice to the record owner. See N.C. Gen. Stat. § 45-21.16(d); In re Hudson, 182 N.C. App. 499, 502, 642 S.E.2d 485, 488 (2007). Indeed, North Carolina law specifically provides that an action to enjoin a foreclosure proceeding on equitable grounds must be brought in a separate lawsuit, see N.C. Gen. Stat. § 45-21.34; In re Foreclosure of Deed of Trust by Goforth Props., Inc., 334 N.C. 369, 374, 432 S.E.2d 855, 859 (1993), and rescission under TILA is an equitable remedy, see Am. Mortg. Network, Inc. v. Shelton, 486 F.3d 815, 820 (4th Cir. 2007). As such, these matters cannot be consolidated and plaintiff's motion seeking consolidation is accordingly DENIED.

B.  Motion for an Order Directing Compliance with Rule 26(d)(1)

Defendant seeks an order confirming that it need not respond to plaintiff's discovery requests until after completion of the Rule 26(f) conference. Defendant's motion is well-founded where Rule 26(d)(1) expressly provides that "[a] party may not seek discovery from any source before the parties

---

[1] Consolidation is not warranted where the court is obligated to remand the foreclosure action back to state court, as set forth in a separate order in No. 7:10-CV-197-FL. See generally Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 294-95 (5th Cir. 2010). But consolidation is also inappropriate for the reasons given herein.

Case 7:10-cv-00163-FL Document 25 Filed 12/03/10 Page 3 of 4

have conferred as required by Rule 26(f) . . . ." Nevertheless, where the joint report and plan lodged on the docket at entry number 24 indicates that the parties have since conferred pursuant to Rule 26(f), it appears that defendant's request is now moot. The motion is therefore DENIED.

The join report and plan indicates that the parties have agreed to postpone the exchange of initial disclosures under Rule 26(a)(1) until fourteen (14) days after entry of the court's ruling on defendant's motion to dismiss or plaintiff's motion for joinder, whichever is later. Although no motion is made by parties, the court – on its own motion and for good cause shown – STAYS all further discovery proceedings in this matter until resolution of defendant's motion to dismiss, which is not yet ripe for adjudication.[2]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for joinder (DE # 15) is DENIED and defendant's motion for an order directing compliance with Rule 26(d)(1) (DE # 18) is DENIED AS MOOT. On motion of the court, further discovery proceedings are hereby STAYED pending resolution of defendant's motion to dismiss.

SO ORDERED, this the 3rd day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] Pursuant to order entered November 9, 2010, plaintiff's response to the motion to dismiss is due on or before December 8, 2010. Defendant's reply, if any, shall be due within fourteen (14) days of service of defendant's response. See Local Civil Rule 7.1(f).

4